Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SCOTT BELL, | ) | Case No.: 1:16-cv-481 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| BONNEVILLE BILLING AND COLLECTIONS, | ) | |
| INC., an Utah corporation, and KELLY, TALBOY & | ) | |
| SIMMONS, P.A., an Idaho corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW the Plaintiff Scott Bell, by and through his counsel of record, Ryan A. Ballard

of Ballard Law, PLLC, and alleges his causes of action against Defendants as follows:

### INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendants' violations of

    the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which

    prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Additionally,

    Plaintiff requests this Court exercise supplemental jurisdiction under 28 U.S.C. § 1367 for a

    pendent state claim for abuse of process.

### PARTIES, JURISDICTION, AND VENUE

2.  Plaintiff Scott Bell is a natural person residing in Nampa, Canyon County, Idaho, and is a

"consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant Bonneville Billing and Collections ("Bonneville") is an Utah corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 6026 Fashion Point Dr., South Ogden, UT 834403.

4. Bonneville is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Bonneville can be served through its registered agent, Clayne Bodily, 431 River Pkwy., Idaho Falls, ID 83402.

6. Defendant Kelly, Talboy & Simmons ("KTS") is an Idaho corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 380 East Parkcenter, Suite 200, Boise, ID 83706.

7. KTS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. KTS can be served through its registered agent, Robert W. Talboy, 380 East Parkcenter, Suite 200, Boise, ID 83706.

9. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this District because the acts and transactions occurred here and all parties reside or transact business here.

## GENERAL ALLEGATIONS

11. On April 15, 2016 Bonneville, through KTS, filed a lawsuit against Scott Bell in Canyon County, Case No. CV-16-3605-C.

12. On May 5, 2016, Bonneville, through KTS, filed an Affidavit of Service which stated that a person named Alex at been served on Mr. Bell's behalf at 671 W. Mulberry Loop in Nampa at 5:30 p.m. on April 26, 2016.

13. The affidavit described 671 W. Mulberry Loop in Nampa as Mr. Bell's "usual place of residence."

14.   On April 26, 2016, 671 W. Mulberry Loop in Nampa was not Mr. Bell's "usual place of residence."

15.   In fact, Mr. Bell had moved out of 671 W. Mulberry Loop in Nampa three months before then.

16.   Mr. Bell moved into 726 South Weston Creek Loop in Nampa around February 1, 2016.

17.   While visiting a friend across the street from 671 W. Mulberry Loop in May, Mr. Bell was provided with a copy of the complaint.

18.   On May 25, 2016, Mr. Bell contacted Plaintiff's counsel, Robert Talboy, via email regarding issues he has with the alleged debts he is being sued for, as well as the fact he was not properly served with the complaint.

19.   Mr. Talboy acknowledged the improper service and told Mr. Bell that if he wished to challenge service that was his "prerogative."

20.   After agreeing to make changes to the complaint, Mr. Talboy said he would file an amended complaint and re-serve it.

21.   On June 28, 2016, Plaintiff filed an Affidavit of Service of the amended complaint.

22.   That affidavit claims a resident of 671 W. Mulberry Loop was served with the amended complaint since that is Mr. Bell's "usual place of residence."

23.   Mr. Bell's "usual place of residence" beginning February 1, 2016 was not 671 W. Mulberry Loop.

24.   On August 22, 2016, Bonneville, through KTS, obtained a default judgment against Mr. Bell.

### COUNT I: VIOLATION OF FDCPA - FALSE AFFIDAVITS

25.   The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

26.   15 U.S.C. § 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

27.   Bonneville, through KTS, filed two false affidavits which stated that Mr. Bell's usual place of residence was 671 W. Mulberry Loop in Nampa.

28. Bonneville, through KTS, obtained a default judgment against Mr. Bell based on the second false affidavit.

29. Bonneville, through KTS, had actual knowledge from Mr. Bell, that the service address was not where he resided.

30. Neither Bonneville nor KTS had a reasonable basis for believing the service address was where Mr. Bell actually lived.

31. In fact, the second affidavit of service shows the resident of 671 W. Mulberry Loop refused to accept service; rather than inquire why she would not accept service, the process server simply left the complaint on the porch.

32. Having been hired by Bonneville and KTS, and likely relying on information from Bonneville and KTS, the process server functioned as an agent of Bonneville and KTS.

33. Mr. Bell is entitled to statutory and actual damages due to Defendant's violation.

## COUNT II: VIOLATION OF FDCPA - UNCONSCIONABLE CONDUCT

34. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

35. 15 U.S.C. § 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt.

36. Obtaining a judgment premised on a false affidavit is unfair and unconscionable.

37. Mr. Bell is entitled to statutory and actual damages due to Defendant's violation.

## COUNT III: ABUSE OF PROCESS

38. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

39. Defendants took a willful act by obtaining a default judgment based on a knowingly false affidavit of service.

40. The default judgment was improper because Mr. Bell had not been served in accordance with the

Idaho Rules of Civil Procedure.

41. Upon information and belief, Defendants knew Mr. Bell intended to contest the underlying debt, so it was more convenient to obtain a default judgment rather than risk having to litigate over a relatively minor amount sought.

42. Such action constitutes an ulterior, improper purpose in the process of litigation.

43. Mr. Bell is entitled to actual and punitive damages due to Defendant's violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

B. Statutory damages up to $1,000.00 per Defendant to 15 U.S.C. § 1692k(a)(2)(A),

C. Leave to seek an amendment to the complaint at a later date to seek punitive damages pursuant to I.C. § 48-608(1),

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

E. In the event of default judgment, for attorney fees in the amount of $2,000.00,

F. For Court costs; and

G. For such other and further relief as may be just and proper.

DATED: October 28, 2016

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC